IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTEN LEAH INSCHO,[1]  )
)
    Plaintiff,  )
)
    v.  )  Civil Action No. 17-114-J
)
COMMISSIONER OF  )
SOCIAL SECURITY,  )
)
    Defendant.  )

O R D E R

AND NOW, this 31st day of August, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be

---

[1] The Court notes that Plaintiff has been identified as "Kirsten Leah Inscho" on the docket in this case, as that is how she identified herself in her complaint. (Doc. No. 4). It is apparent, however, from a review of the record, that the Plaintiff should properly be identified as "Kristen Leah Inscho," as set forth above. The Court hereby orders that the Clerk amend the caption to reflect this change.

1

affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[2]

---

[2] Plaintiff raises two primary ways in which she alleges that the Administrative Law Judge ("ALJ") erred in finding her to be not disabled under the Social Security Act, neither of which warrant remand of this matter. Instead, the Court finds that substantial evidence supports the ALJ's decision.

Plaintiff first argues that the ALJ erred in failing to evaluate in any way the psychological evaluation and opinion of Phillip Garman, M.A., ED.S., an opinion she claims to be outcome determinative in this case. However, Plaintiff's characterization of Dr. Garman's "opinion," and of the ALJ's consideration of it, is flawed in several ways. First, contrary to Plaintiff's assertions, the ALJ did not ignore Dr. Garman's evaluation, as he cited to it in his decision once specifically in regard to the IQ testing that Dr. Garman had performed (R. 16) and several times generally. (R. 14, 15). It is not accurate to argue, then, that the ALJ was unaware of or gave no regard to the evaluation.

More importantly, labeling Dr. Garman's evaluation as a medical opinion for purposes of the Social Security Act is dubious at best. "Medical opinions" are defined by the Social Security regulations for the relevant time period as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). In the evaluation at issue, Dr. Garman recounted Plaintiff's relevant reported history, explained that he had administered several tests measuring cognitive and intellectual functioning, reported the results, provided mental status observations, provided a summary diagnosis, and issued several recommendations regarding things from which Plaintiff could benefit. (R. 288-93). The report certainly contained clinical findings regarding Plaintiff's mental conditions, particularly her intellectual functioning, but did not suggest any specific occupational limitations, nor did it specifically assess Plaintiff's residual functional capacity ("RFC"). Instead, it appears to have been very much what it purported to be – a psychological evaluation. Even the section of the evaluation labeled "Recommendations," the section that came closest to offering opinions, set forth actions and situations from which Plaintiff would benefit, not things that she could or could not do. To portray Dr. Garman's observations as an opinion as to Plaintiff's work-related limitations is simply inaccurate. The evaluation primarily, if not entirely, consisted of clinical findings, and, as noted, the ALJ did discuss Dr. Garman's most significant objective findings – those regarding Plaintiff's intellectual functioning. See Blakely v. Astrue, 2012 WL 995270, at *1 n.1 (W.D. Pa. Mar. 23, 2012) (wherein a doctor's evidence constituted objective findings to be considered and discussed, not medical opinions to be weighed).

Regardless, even assuming the report is appropriately construed as an opinion, it is far from outcome determinative and, in fact, is not inconsistent with the ALJ's findings regarding

Plaintiff's RFC. Although Plaintiff claims that Dr. Garman's evaluation "establishes far greater mental limitations than set forth in the ALJ's RFC" (Doc. No. 11 at 8), the only aspect she really identifies as establishing greater limitations is Dr. Garman's statements regarding sheltered employment. However, contrary to Plaintiff's characterization that Dr. Garman stated that "Plaintiff *needs* 'continued sheltered employment'" (Doc. No. 11 at 9) (emphasis added), Dr. Garman actually recommended merely that Plaintiff would "benefit" from continued sheltered employment. As Defendant points out in its brief, this difference is significant, as stating that a claimant would benefit from such a working environment does not constitute an opinion that such an environment is required. See Gayles v. Colvin, 2015 WL 430123, at *3 (D. Ore. Feb. 2, 2015). Indeed, the ALJ was fully aware that Petitioner qualified for and worked in a sheltered work environment. (R. 17).

This distinction is particularly significant here, where the "opinion" was rendered six years prior to when Plaintiff's disability is even alleged to have begun. There is nothing in Dr. Garman's evaluation that would suggest that it related to the relevant time period, and the ALJ could and did rely on far more contemporaneous records in this case. Nothing in Dr. Garman's report is inconsistent with the RFC as formulated by the ALJ, and, as such, the ALJ's reference to the report was all that was needed under the circumstances of this case.

Plaintiff next asserts that the ALJ insufficiently analyzed the opinions of several of her supervising professionals in the sheltered workshop where she was employed. However, as Plaintiff acknowledges, the ALJ did, in fact, consider this evidence. While he did not adopt the statements of John R. Stahl and Jill Maurer that Plaintiff was not capable of working competitively or performing substantial gainful activity, such opinions as to the ultimate issue of disability are not binding on an ALJ in any event, as that determination is expressly reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000).

As to the descriptions and reviews of Plaintiff's work contained in Exhibit 6F, the ALJ discussed this evidence in the context of the record as a whole. Indeed, the ALJ discussed the ways in which observations made by Plaintiff's supervisors factored into his determination of her RFC. (R. 18). He also considered this evidence in the context of reviewing and weighing the medical opinions of record. (R. 20). His discussion of this material was actually quite extensive and specific, and in no way calls for a remand of this matter. It is also important to note that the ALJ's findings relied on far more than the observations contained in Exhibit 6F, including the opinions of the consulting psychological examiner and the state agency psychological consultant, as well as the objective clinical evidence. (R. 16-21).

Accordingly, for all of the reasons set forth herein, the Court finds no merit in Plaintiff's arguments and finds, instead, that substantial evidence supports the ALJ's findings. Therefore, the Court affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf: Counsel of record